Roy T. JOHNSON, Appellant,

v.

Edward J. DERWINSKI, Secretary
of Veterans Affairs, Appellee.

No. 90–30.

United States Court of Veterans Appeals.

Submitted July 16, 1991.

Decided Nov. 7, 1991.

Roy T. Johnson, pro se.

Robert E. Coy, Acting Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and Carolyn F. Washington, were on the pleadings for appellee.

Before IVERS, Associate Judge.

## MEMORANDUM DECISION

IVERS, Associate Judge:

Appellant, Roy T. Johnson, seeks review of a June 29, 1989, decision of the Board of Veterans' Appeals (BVA or Board). In that decision, the BVA denied service connection for appellant's ocular histoplasmosis. Appellant, proceeding *pro se*, argues on appeal to this Court that the Board's decision was clearly erroneous. For the reasons below, the Board's decision is vacated and remanded.

Appellant served on active duty in the United States Army during World War II, from October 9, 1942, to December 8, 1945. Appellant had no history of any eye problems while he was in the service. Appellant was treated periodically from May 2, 1946, to March 31, 1977, by Dr. W.S. Jones. R. at 25–26. Although appellant experienced a period where his eyesight in his left eye made him "almost blind" in 1959, and he experienced hazy motion in his left eye in 1960, his vision was always found normal. *Id.* On October 11, 1979, appellant saw Dr. Steven H. Hoyme. Dr. Hoyme believed appellant was suffering from histoplasmosis. Histoplasmosis is "an infection resulting from inhalation or, infrequently, the ingestion of spores of *Histoplasma capsulatum.*" Dorland's Illustrated Medical Dictionary 770 (27th ed. 1988). *Histoplasma capsulatum* is defined as "the etiologic agent of classic histoplasmosis, occurring as small, oval, yeastlike cells which in tissue seem to be encapsulated but are not." *Id.* The disease, although worldwide in distribution, is particularly common in the midwestern United States. The infection is asymptomatic in most cases, but in one to five-percent of the cases, it can cause diseases. *Id.*

Dr. Hoyme recommended that appellant go to the Department of Veterans Affairs (VA) for an evaluation. R. at 5. Appellant was examined at the VA Medical Center in Wood, Wisconsin for presumed ocular histoplasmosis syndrome. He was admitted for a fluorescein angiography of his eyes to examine the extent of the infection. R. at 4. Appellant was eventually given a diagnosis of ocular histoplasmosis syndrome. He lost vision in his right eye in 1979. In 1982, he underwent several operations on his eyes and continued to receive treatment from July 27, 1982, to September 26, 1989. R. at 14–21.

Appellant filed a claim with the VA Regional Office (VARO) in Wood, Wisconsin on October 9, 1987, requesting service connection for his eye condition. The rating board denied service connection for ocular histoplasmosis "because such condition was not treated in service nor within one year of service discharge." R. at 36. Appellant filed his Notice of Disagreement (NOD) on January 19, 1989. The BVA upheld the denial on June 29, 1989. Appellant made a timely appeal to this Court. The Court has jurisdiction of the case under 38 U.S.C. § 7252(a) (formerly § 4052(a)).

Under 38 U.S.C. § 7104(d)(1) (formerly § 4004(d)(1)) and *Gilbert v. Derwinski*, 1 Vet.App. 49, 56 (1990), the BVA is required to provide in its decisions not only a written statement of its findings and conclusions but also the reasons or bases for them. Here, the Board's entire discussion was:

The veteran contends that service connection is warranted for ocular histoplasmosis but such entitlement is not shown by the evidence of record. Histoplasmosis is not shown during the veteran's active military service or for many years thereafter. In addition, the veteran's visual acuity was normal at least through 1950 and ocular complaints were not recorded until 1959 at the earliest. In view of the foregoing, service connection is not warranted.

*Roy T. Johnson*, BVA 89–402232, at 3 (June 29, 1989). Appellant, in his NOD, stated that the only time he was out of his home state of Michigan was when he was stationed in Kentucky, an area which is endemic for the disease, during his active

service. He also asserted that in 1945 there were only seventy-one cases of histoplasmosis in the United States. R. at 39.

The Board did not provide any reasoning behind its decision except for the fact that appellant's disorder did not occur until several years after service. This Court does not know the incubation period for histoplasmosis. If the period is short, the amount of time the disease took to manifest in appellant may be a plausible basis to deny his claim, but histoplasmosis may be a disease, like skin cancer, that takes years to develop. The BVA has offered neither reasons nor bases for its conclusion. As this Court stated in *Gilbert*, 1 Vet.App. at 56–57:

> In view of the mandate of § [7104(d)(1)] that the BVA articulate with reasonable clarity its "reasons or bases" for decisions, and in order to facilitate effective judicial review, the Board must identify those findings it deems crucial to its decision and account for the evidence which it finds to be persuasive or unpersuasive. These decisions must contain clear analysis and succinct but complete explanations. A bare conclusory statement, without both supporting analysis and explanation, is neither helpful to the veteran, nor "clear enough to permit effective judicial review," nor in compliance with statutory requirements.

The Board cannot make a medical determination based on its own opinion. The Court has previously determined that medical decisions based solely on the Board's opinion do not constitute adequate reasons or bases. In *Colvin v. Derwinski*, 1 Vet. App. 171, 174–175 (1991), the Court stated:

> BVA panels may consider only independent medical evidence to support their findings. If the medical evidence of record is insufficient, or in the opinion of the BVA, of doubtful weight or credibility, the BVA is always free to supplement the record by seeking an advisory opinion, ordering a medical examination or citing recognized medical treatises in its decisions that clearly support its ultimate conclusions.

*See also Murphy v. Derwinski*, 1 Vet.App. 78, 82 (1990) (requiring the BVA to provide reasons or bases for its medical determinations).

Upon consideration of the supporting memoranda, appellant's informal brief, and a review of the record, it is the holding of the Court that the BVA has failed to articulate, pursuant to 38 U.S.C. § 7104(d)(1) and the analysis in *Gilbert*, the reasons or bases for its decision. The criteria for summary disposition set forth in *Frankel v. Derwinski*, 1 Vet.App. 23 (1990), are met. Accordingly, appellee's motion for summary affirmance is DENIED and the June 29, 1989, BVA decision is VACATED, and the matter is REMANDED to the Board for readjudication and disposition in accordance with this memorandum decision.